IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF WEST VIRGINIA

BECKLEY DIVISION

DERRICK HARRIS,

          Plaintiff,

v.                        CIVIL ACTION NO. 5:10-cv-01045
                           (Criminal No. 5:07-cr-00006)

UNITED STATES OF AMERICA,

          Defendant.

**MEMORANDUM OPINION AND ORDER**

Pending is Petitioner Derrick Harris' motion to vacate, set aside, or correct sentence pursuant to 28 U.S.C. § 2255 filed August 25, 2010 [ECF 210]. This action was previously referred to United States Magistrate Judge R. Clarke VanDervort for submission of proposed findings and recommendations for disposition ("PF&R"). On June 5, 2013, the Magistrate Judge submitted his PF&R recommending that this Court deny Petitioner's application to proceed without prepayment of fees and dismiss Petitioner's motion. Petitioner has filed timely objections to the PF&R for this Court's consideration.

### I.    BACKGROUND

The Court sets forth the procedural history of this matter only as necessary to resolve Petitioner's pending objections. On August 14, 2007, Petitioner pled guilty to a charge of possession with intent to distribute five grams or more of cocaine base in violation of 21 U.S.C. § 841(a)(1). This guilty plea coupled with his prior criminal history exposed Petitioner to the

career offender enhancement located at United States Sentencing Guidelines § 4B1.1(a).[1]  On November 29, 2007, the Court applied this enhancement and sentenced Petitioner to a term of 205 months of imprisonment, followed by a four-year term of supervised release.  Petitioner appealed his conviction, challenging among other things his counsel's failure to object to the application of the career offender guideline.  The appeal was unsuccessful.

Petitioner subsequently brought this motion under 28 U.S.C. § 2255.  As grounds for collateral relief, Petitioner alleges as follows:

- A. The Petitioner's right to effective assistance of counsel as guaranteed by the Sixth Amendment to the United States Constitution was denied when sentencing counsel failed to offer argument challenging the propriety of the career offender enhancement applied to the Petitioner.

- B. The Petitioner's right to effective assistance of counsel as guaranteed by the Sixth Amendment to the United States Constitution was denied when sentencing counsel failed to argue that the discrepancy between crack and powder cocaine sentences resulted in an unreasonable sentence herein.

- C. Convictions obtained by plea of guilty which was unlawfully induced or not made voluntarily or with understanding of the nature of the damages and the consequences of the plea.

(ECF 210 at 5; ECF 211 at 1.)  Grounds A and C reassert arguments identical to those litigated on direct appeal, and the Magistrate Judge recommended this Court deny these claims as procedurally barred.  The Magistrate Judge also considered and ultimately rejected the claims raised in Grounds A and B on their merits.

---

[1] "A defendant is a career offender if (1) the defendant was at least eighteen years old at the time the defendant committed the instant offense of conviction; (2) the instant offense of conviction is a felony that is either a crime of violence or a controlled substance offense; and (3) the defendant has at least two prior felony convictions of either a crime of violence or a controlled substance offense."  U.S.S.G. § 4B1.1(a).

According to the Presentence Investigation Report, Petitioner's criminal history included convictions for Felonious Assault and Improper Discharge of a Firearm.  (ECF 156 at ¶¶ 91, 96, 97.)  As the PF&R explains, both convictions qualify as predicate convictions under the career offender guideline. (ECF 231 at 7-8 n. 5.)

## II. LEGAL STANDARD

The Court is required to "make a de novo determination of those portions of the report or specified proposed findings or recommendations to which objection is made." 28 U.S.C. § 636(b)(1)(C). However, the Court is not required to review, under a de novo or any other standard, the factual or legal conclusions of the magistrate judge as to those portions of the findings or recommendation to which no objections are addressed. *Thomas v. Arn*, 474 U.S. 140, 150 (1985). In addition, this Court need not conduct a de novo review when a petitioner "makes general and conclusory objections that do not direct the Court to a specific error in the magistrate's proposed findings and recommendations." *Orpiano v. Johnson*, 687 F.2d 44, 47 (4th Cir. 1982).

## III. DISCUSSION

Absent an intervening change in the law, issues fully considered on direct appeal may not be revisited on collateral review. *Boeckenhaupt v. United States*, 537 F.2d 1182, 1183 (4th Cir. 1976). As his sole objection to the PF&R, Petitioner renews his argument that he was denied the effective assistance of counsel when his attorney failed to challenge the application of the career offender enhancement.[2] He contends that the application of this sentencing enhancement was illegal because the facts giving rise to it were not alleged in the indictment nor proven beyond a reasonable doubt. While conceding that this precise contention was previously considered and rejected by the Fourth Circuit on direct appeal, Petitioner claims that the Supreme Court's decision in *Alleyne v. United States*, ___ U.S. ___, 133 S. Ct. 2151 (2013), a case issued after the filing of the PF&R, constitutes an intervening change in the law that requires renewed consideration of this argument. Petitioner believes that under *Alleyne*, a jury and not the judge

---

[2] Petitioner's objection to the PF&R is identical to the argument alleged as Ground A of his original motion. He does not object to the Magistrate Judge's recommended dismissal of the claims set forth in Grounds B and C.

3

must make the determination beyond a reasonable doubt that he had two predicate felony convictions qualifying him as a career offender.

In *Alleyne*, the Supreme Court held that any fact that increases the mandatory minimum penalty for an offense must be alleged in the indictment and proven beyond a reasonable doubt by submission to a jury. *Id.* at 2158. *Alleyne* is an extension of *Apprendi v. New Jersey*, 530 U.S. 466 (2000), which requires any fact that increases the maximum penalty for an offense to be proven by the jury rather than the judge. Under *Alleyne* and *Apprendi*, "[t]he touchstone for determining whether a fact must be found by a jury beyond a reasonable doubt is whether the fact constitutes an 'element' or 'ingredient' of the charged offense." *Alleyne*, 133 S. Ct. at 2158 (citing *Apprendi*, 530 U.S. at 483 n.10).

Petitioner's argument that *Alleyne* constitutes an intervening change in the law requires this Court to consider whether the decision is retroactive. *Alleyne* establishes a new rule of criminal procedure, and new rules generally do not apply retroactively to cases on collateral review. *Teague v. Lane*, 489 U.S. 288, 303 (1989); *see United States v. Sanders*, 247 F.3d 139, 147 (4th Cir. 2001) (procedural rules include those which dictate the fact-finding procedure which must be used to ensure a fair trial); *see also Simpson v. United States*, ___ F.3d ___, 2013 WL 3455876, *1 (7th Cir. June 27, 2013) (finding that *Alleyne* establishes a new rule of constitutional law). *Apprendi* is not retroactive on collateral review, *see Sanders*, 247 F.3d at 146-51, and the courts to have considered the question have found that *Alleyne* is not either. *See Simpson*, 2013 WL 3455876 at *1; *United States v. Stanley*, 2013 WL 3752126, *7 (N.D. Okla. July 16, 2013); *United States v. Reyes*, 2013 WL 4042508, *16-18 (E.D. Pa. Aug. 8, 2013). The Court need not resolve the question of *Alleyne's* retroactivity, however, because its holding is inapplicable in Petitioner's case.

Petitioner reads *Alleyne* to require the facts giving rise to the career offender enhancement to have been alleged in the indictment and proven beyond a reasonable doubt. He is mistaken. *Alleyne's* holding applies only to those facts which increase the mandatory minimum penalty for an offense. In this case, Petitioner's guilty plea exposed him to a mandatory minimum penalty of five years. 21 U.S.C. § 841(a)(1). This mandatory minimum penalty was unaltered by the application of the career offender enhancement.

Furthermore, the facts underlying the career offender enhancement do not qualify as "elements" or "ingredients" of Petitioner's offense. As the Eleventh Circuit explained:

> Put in its best light, [the defendant's] argument assumes that he was convicted of the nonexistent offense of being a career offender with only one qualifying predicate offense. But he wasn't. As the indictment and the judgment in this case show, [the defendant] was not charged with, nor was he convicted of, being a career offender. A defendant who is convicted and then has the § 4B1.1 career offender enhancement, or any other guidelines enhancement, applied in the calculation of his sentence has not been convicted of being guilty of the enhancement. If guidelines enhancements were crimes, they would have to be charged in the indictment and proven to the jury beyond a reasonable doubt. *See United States v. Kenney*, 391 Fed. Appx. 169, 172 n.2 (3d Cir. 2010) (unpublished) ("The career offender enhancement is not a separate offense, however. If it were, its elements would need to be proven to a jury beyond a reasonable doubt."). [The defendant's] position turns on treating sentences as convictions, and an argument that depends on calling a duck a donkey is not much of an argument.

*Gilbert v. United States*, 640 F.3d 1293, 1320 (11th Cir. 2011). Here, Petitioner was convicted of possessing with intent to distribute five grams or more of cocaine base. The essential elements of this crime are (1) possession of five grams or more of cocaine base, (2) knowledge of the possession, and (3) intent to distribute. *See United States v. Crockett*, 813 F.2d 1310, 1316 (4th Cir. 1987). At no point were the facts relating to Petitioner's prior convictions necessary to prove the elements of this offense. For these reasons and as fully set forth by the Magistrate Judge's PF&R, Petitioner's claim is both procedurally barred and substantively meritless.

## IV. CONCLUSION

For the foregoing reasons, the Court **OVERRULES** Petitioner's objections, **ADOPTS** the PF&R, **DENIES** Petitioner's Section 2255 motion [ECF 210], and **DISMISSES** this matter from the Court's docket.

The Court has also considered whether to grant a certificate of appealability. See 28 U.S.C. § 2253(c). A certificate will be granted only if there is "a substantial showing of the denial of a constitutional right." *Id.* at § 2253(c)(2). The standard is satisfied only upon a showing that reasonable jurists would find that any assessment of the constitutional claims by this Court is debatable or wrong and that any dispositive procedural ruling is likewise debatable. *Miller–El v. Cockrell*, 537 U.S. 322, 336-38 (2003); *Slack v. McDaniel*, 529 U.S. 437, 484 (2000); *Rose v. Lee*, 252 F.3d 676, 683-83 (4th Cir. 2001). The Court concludes that the governing standard is not satisfied in this instance. Pursuant to Rule 11(a) of the Rules Governing Proceedings Under 28 U.S.C. § 2255, Petitioner may not appeal the Court's denial of a certificate of appealability, but he may seek a certificate from the court of appeals under Federal Rule of Appellate Procedure 22. The Court thus **DENIES** a certificate of appealability.

**IT IS SO ORDERED.**

The Court **DIRECTS** the Clerk to send a copy of this Order to counsel of record and any unrepresented party.

ENTER: September 12, 2013

_____
THOMAS E. JOHNSTON
UNITED STATES DISTRICT JUDGE

6